**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

BARRY RAY KNIGHT,

*Defendant-Appellant*.

No. 23-962

D.C. No.
2:21-cr-00127-
CDS-BNW-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted June 6, 2024
Pasadena, California

Filed December 4, 2024

Before: Richard R. Clifton and Daniel P. Collins, Circuit
Judges, and Xavier Rodriguez,* District Judge.

Opinion by Judge Collins

---

* The Honorable Xavier Rodriguez, United States District Judge for the
Western District of Texas, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed in part and vacated in part the district court's judgment, and remanded, in a case in which Barry Ray Knight appealed his conviction and sentence for receipt and possession of child pornography.

Knight contended that, under *United States v. Cope*, 527 F.3d 944 (9th Cir. 2008), a special condition of supervised release restricting his viewing or use of pornography is impermissibly overbroad to the extent it does not exempt use of such materials for purposes of asserting a future collateral challenge to his conviction and sentence. The panel rejected this contention because, unlike in *Cope*, the condition imposed on Knight applies only to visual *depictions* of pornography and not to materials that merely *describe* child pornography. Apart from his reliance on *Cope*, Knight provided no basis for concluding that the challenged condition is impermissibly overbroad. He presented no conceivable factual predicate for supposing that, when he completes his lengthy sentence and is released on supervision, he will then need personal access to child pornography or actual adult pornography for purposes of preparing a collateral challenge to his conviction or sentence.

In accordance with *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc), the panel vacated the conditions of supervised release that were referred to as

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

standard conditions in the written sentence but were not orally pronounced, and remanded to the district court for the limited purpose of reconsidering the vacated conditions.

The panel resolved Knight's other challenges in a concurrently filed memorandum disposition.

## COUNSEL

Ellesse Henderson (argued) and Lauren B. Torre, Assistant Federal Public Defenders; Rene L. Valladares, Federal Public Defender; Federal Public Defender's Office, Las Vegas, Nevada; for Defendant-Appellant.

Peter H. Walkingshaw (argued), Assistant United States Attorney, United States Department of Justice, Office of the United States Attorney, Reno, Nevada; Adam M. Flake and Daniel D. Hollingsworth, Assistant United States Attorneys; Robert L. Ellman, Appellate Chief; Jason M. Frierson, United States Attorney; United States Department of Justice, Office of the United States Attorney, Las Vegas, Nevada; for Plaintiff-Appellee.

## OPINION

COLLINS, Circuit Judge:

Defendant-Appellant Barry Ray Knight appeals from his conviction and sentence for receipt and possession of child pornography. We resolve most of Knight's contentions in a concurrently filed memorandum disposition, and for the reasons stated there we affirm Knight's conviction and

several of his challenges to his sentence.  In this published opinion, we address only two of Knight's challenges to his conditions of supervised release.  Although we conclude that Knight's substantive challenges to his special conditions of supervised release lack merit, we nonetheless remand to the district court to "orally pronounc[e] any of the standard conditions of supervised release that it chooses to impose" after "giving [Knight] a chance to object to them." *United States v. Montoya*, 82 F.4th 640, 656 (9th Cir. 2023) (en banc).

# I

Knight frequently downloaded child pornography from other computers using "BitTorrent," a "peer-to-peer" file-sharing network that allows users to download files directly from each other's computers.  In January 2021, undercover officers used a peer-to-peer downloading program called "Torrential Downpour" to connect with Knight's computer and to download files that were available for sharing and download from that computer.  The downloaded files contained multiple videos that constituted child pornography, including files depicting sexual abuse of an infant and of a pre-pubescent girl.  Based on this information, officers obtained and executed a search warrant for Knight's home.  Examination of the electronic devices seized from Knight's home revealed a substantial child pornography collection containing more than 3,100 videos and 115,000 still images.  After a bench trial, the district court convicted Knight on one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

Because Knight had a prior 2003 conviction in the Eastern District of Missouri for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), Knight was subject to a 15-year minimum sentence on the receipt charge and a 10-year minimum sentence on the possession charge. *See* 18 U.S.C. § 2252A(b)(1), (2). The district court sentenced Knight to 192 months (16 years) imprisonment, to be followed by a lifetime of supervised release.

As to the conditions of supervised release, the Probation Office's Presentence Report ("PSR") recommended imposition of the "standard conditions of supervision recommended by the Sentencing Commission," *see* U.S.S.G § 5D1.3(c) (listing those conditions), the applicable mandatory conditions of supervised release, *see id*. § 5D1.3(a), and 12 special conditions. The district court asked whether Knight had "any objections to any of the conditions set forth in the PSR," and Knight objected to only one condition, namely, the special condition requiring that he submit to periodic polygraph tests. The district court overruled that objection. In pronouncing sentence, the court recited orally all of the mandatory and special conditions, but not the standard conditions.

Knight timely appealed his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II

On appeal, Knight challenges, *inter alia*, the following special condition of supervised release:

> No Pornography — You must not view or possess any "visual depiction" (as defined in

> 18 U.S.C. § 2256(5)), or any photograph,
> film, video, picture, or computer generated
> image or picture, whether made or produced
> by electronic, mechanical, or other means, of
> "sexually explicit conduct" (as defined by
> 18 U.S.C. § 2256(2)) involving children, or
> "actual sexually explicit conduct" (as defined
> by 18 U.S.C. § 2257(h)(1)) involving adults.
> These restrictions do not apply to materials
> necessary to, and used for, any future appeals,
> or materials prepared or used for the purposes
> of sex-offender treatment.

Specifically, Knight contends that, under our decision in *United States v. Cope*, 527 F.3d 944 (9th Cir. 2008), this condition is impermissibly overbroad to the extent that it does not exempt use of such materials for purposes of asserting a future "collateral challenge" to his conviction and sentence. Because Knight did not object to this special condition below, our review is only for plain error. *United States v. Daniels*, 541 F.3d 915, 927 (9th Cir. 2008). "Plain error is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) [that] . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014) (simplified). Here, Knight fails at the first step, because there is no error.

"A district court has broad discretion to impose special conditions on supervised release." *United States v. Bell*, 770 F.3d 1253, 1259 (9th Cir. 2014). After considering the pertinent statutory sentencing factors, including the nature of the offense and the defendant's background, *see* 18 U.S.C. § 3583(c) (referencing these and other factors in § 3553(a)),

a district court may impose any special condition that "(1) [is] reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) involve[s] no greater deprivation of liberty than is reasonably necessary to achieve those goals; and (3) [is] consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010). Here, the district court applied these factors and concluded that a special condition was warranted limiting Knight's viewing of child pornography as well as certain adult pornography. Knight has not challenged that underlying determination and argues only that the particular condition fashioned by the district court is overbroad under *Cope*. We reject this contention.

In *Cope*, the district court imposed a special condition of supervised release that prohibited the defendant from possessing "any materials . . . depicting and/or describing child pornography." 527 F.3d at 957. We held that this condition was overbroad in two respects. *Id*. at 957–58.

First, the prohibition on possessing material "*describing*" child pornography "straightforwardly applies to Cope's own presentence report, as well as copies of statutes and cases that Cope might need were he to bring a collateral challenge to an aspect of his sentence once he is released from prison." *Cope*, 527 F.3d at 957 (emphasis added). We rejected the Government's suggestion that it would be sufficient to amend this condition "to make it clear that [Cope] can review legal materials in the possession of his lawyer or probation officer." *Id*. As we explained, because "Cope is indigent and has no statutory or constitutional right to counsel on collateral attack[,] . . . requiring him to obtain counsel, or even the assistance of his probation officer, in order to formulate a collateral attack is

unduly restrictive." *Id*. at 957–58. Accordingly, we "direct[ed] the district court on remand to amend this condition to clarify that Cope may possess materials necessary to a collateral attack for the purposes of preparing a collateral attack." *Id*. at 958.

Second, we held that the prohibition on possessing descriptions of child pornography was also overbroad to the extent that it would "apply to journal-writing or the writing of a 'sexual autobiography' that may be required elements of Cope's sex offender treatment." *Cope*, 527 F.3d at 958 (citation omitted). We therefore "direct[ed] the district court on remand to amend the condition to clarify that Cope may keep journals or participate in the writing of a 'sexual autobiography,' if required by his sex offender treatment." *Id*.

The predicate for both of these overbreadth holdings in *Cope*—namely, that the special condition prohibited possession of materials "describing" child pornography—is absent in this case. Here, the special condition crafted by the district court narrowly applies only to possession of a "'visual depiction' (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer generated image or picture . . . of 'sexually explicit conduct' (as defined by 18 U.S.C. § 2256(2)) involving children, or 'actual sexually explicit conduct' (as defined by 18 U.S.C. § 2257(h)(1)) involving adults." By its terms, this condition applies only to "*visual depiction[s]* . . . of" actual or simulated child pornography or actual adult pornography, including any photograph, film, video, or image "of" such conduct. Because, unlike in *Cope*, this condition only applies to visual depictions of such conduct and not to materials that merely describe child pornography, this condition would not prohibit Knight from possessing his

"own *presentence report*, as well as copies of *statutes* and *cases* that [Knight] might need were he to bring a collateral challenge," nor would it prohibit Knight from writing a "journal" or an autobiography as part of his sex offender treatment. *Cope*, 527 F.3d at 957–58 (emphasis added). Because the predicate for *Cope*'s finding of overbreadth is absent here, *Cope* is distinguishable and does not apply.

Apart from his reliance on *Cope*, Knight has provided no basis for concluding that the challenged condition is impermissibly overbroad. He has presented no conceivable factual predicate for supposing that, when he completes his lengthy sentence and is released on supervision, he will then need personal access to child pornography or actual adult pornography for purposes of preparing a collateral challenge to his conviction or sentence. The only pornographic materials that could even theoretically be relevant to a collateral challenge would be the materials that formed the basis for his conviction and sentence—*viz.*, the more than 115,000 still images and 3,100 videos that were found during the search of his devices. We are aware of no support for the proposition that criminal defendants convicted of possession of contraband—whether it be drugs, illegal firearms, or child pornography—must generally be allowed, while on supervised release, to have access to the contraband that underlay their convictions.[1] Indeed, as reflected in the

---

[1] Even assuming *arguendo* that there might be some extraordinary case in which examination of the contraband underlying the conviction (if still in existence) might theoretically be warranted as part of a constitutionally-based legal challenge, any such exceptional situation could be addressed by a motion for modification of the conditions of supervised release that would attempt to make, if possible, a case-specific showing for such an extraordinary request. *See* 18 U.S.C. § 3583(e)(2); FED. R. CRIM. P. 32.1(c). Such a theoretical possibility

mandatory conditions of supervised release, the defendant remains subject to the requirement that he not commit another state or federal crime, *see* 18 U.S.C. § 3583(d), including a violation of criminal laws prohibiting the possession of contraband. Accordingly, the supervised release condition imposed by the district court here was not unduly restrictive, and we therefore reject Knight's challenge to it.

### III

As both sides correctly note, the district court's failure to orally recite the standard conditions of supervised release was erroneous under our decision in *Montoya*, 82 F.4th at 655–56. In accordance with *Montoya*, we therefore "vacate only the conditions of supervised release that were referred to as the 'standard conditions' in the written sentence but were not orally pronounced," and we "'remand to the district court for the limited purpose of' reconsidering the supervised release conditions we have vacated herein." *Id.* at 656 (citation omitted). We otherwise affirm Knight's conviction and sentence.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

---

would not suffice to make the condition imposed here impermissibly overbroad.