NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>JAMES LEE WINN,<br><br>　　　　Defendant - Appellant. | No. 24-5430<br><br>D.C. No.<br>2:07-cr-00047-DWM-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted June 18, 2025[**]

Before:　　CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

　　James Lee Winn appeals from the district court's judgment revoking

supervised release and challenges a special condition of supervised release

imposed as part of that judgment. We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Winn challenges the district court's addition of a special condition requiring him to abstain from alcohol and prohibiting him from entering establishments where alcohol is the primary item of sale. He contends that because he has no history of substance abuse, the condition is not reasonably related to any of the statutory sentencing considerations, is a greater deprivation of liberty than necessary, and is overbroad.

A district court has "broad discretion" to impose special conditions of supervised release, after "considering the pertinent statutory sentencing factors, including the nature of the offense and the defendant's background." *United States v. Knight*, 122 F.4th 845, 848 (9th Cir. 2024). Given Winn's history and characteristics, and the need to protect the public, we cannot conclude the district court abused that broad discretion here. *See* 18 U.S.C. § 3583(d)(1)-(2).

**AFFIRMED.**