NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JACOB MICHAEL ORLEANS, AKA tristecharro, <br><br> Defendant - Appellant. | No. 24-6917 <br><br> D.C. No. 5:23-cr-00168-PA-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 10, 2025[**]
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Defendant Jacob Michael Orleans appeals four conditions of supervised

release that the district court imposed in connection with his convictions for

transporting a minor with intent to engage in criminal sexual activity, 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 2423(a); producing child pornography, 18 U.S.C. § 2251(a); and distributing child pornography, 18 U.S.C. § 2252A(a)(2)(A). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion preserved challenges to the imposition of supervised release conditions. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). We review de novo preserved claims that conditions of supervised release violate the Constitution. *United States v. Evans*, 883 F.3d 1154, 1159–60 (9th Cir. 2018). We vacate and remand for resentencing in part and affirm in part.

1. The government concedes that the district court did not sufficiently explain why the residency restriction it imposed in Condition 26 was no more restrictive than necessary. *See United States v. Rudd*, 662 F.3d 1257, 1262–63 (9th Cir. 2011). As the government acknowledges, the district court did not explain why Orleans's proposal for a less restrictive condition would be inadequate. *See id.*; *see also United States v. Collins*, 684 F.3d 873, 890 (9th Cir. 2012). We therefore vacate Condition 26 and remand for resentencing.

2. The parties agree that the modifier "primarily used by persons under the age of 18" in Condition 18 and Condition 26 applies to the entire list of restricted locations—*i.e.*, "school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places." Consistent with the parties'

agreement, we construe the modifier to apply to the entire list of locations and therefore reject Orleans's argument that the condition is impermissibly vague or overbroad. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008).

3. Condition 18 provides that Orleans "shall not enter, or loiter, within 100 feet" of certain listed locations. The most natural reading of the condition is that the phrase "within 100 feet" applies only to the act of loitering. Thus, Orleans is prohibited from either: (i) entering a restricted location, or (ii) loitering within 100 feet of a restricted location. With this construction, we conclude that the condition is not impermissibly vague or overbroad. *See United States v. Bee*, 162 F.3d 1232, 1235–36 (9th Cir. 1998).

4. Condition 23 provides that Orleans "shall not view or possess any materials . . . depicting or describing child erotica." By preventing access to materials describing child erotica, this condition may preclude Orleans from possessing "materials necessary [for] . . . preparing a collateral attack" and from keeping journals that may be "required by his sex offender treatment." *United States v. Cope*, 527 F.3d 944, 957–58 (9th Cir. 2008); *see also United States v. Knight*, 122 F.4th 845, 848–49 (9th Cir. 2024). We therefore vacate Condition 23 and remand for resentencing.

5. Condition 24 prohibits Orleans from possessing or viewing materials "that depict 'actual sexually explicit conduct' involving adults as defined by 18

USC 2257(h)(1)." We reject Orleans's argument that this condition must be narrowed to cover only "explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [his] probation officer." *United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015). Unlike the condition in *Gnirke*, Condition 24 does not extend to simulated sexually explicit conduct. *See* 18 U.S.C. § 2257(h)(1) (defining "actual sexually explicit conduct" to "mean[] actual but not simulated conduct" that meets the definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2)(A)). Moreover, the condition prohibits Orleans only from possessing or viewing such materials, and does not prevent Orleans from patronizing places where such materials are available. *See Gnirke*, 775 F.3d at 1165. Accordingly, we conclude that Condition 24 "involve[s] 'no greater deprivation of liberty than is reasonably necessary for the purposes' of supervised release." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) (quoting 18 U.S.C. § 3583(d)(2)).

We **VACATE** Condition 23 and Condition 26 and **REMAND** for resentencing, and otherwise **AFFIRM.**[1]

---

[1] Orleans's request for the court to take judicial notice of locations, distances, and satellite images (Dkt. 13) is **DENIED AS MOOT.**